UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                        )
PAULO GERMANO,               )
                                        )
        Plaintiff,               )        Civil Action No.:
                                        )
v.                                        )
                                        )
F/V WEATHERLY; O'HARA CORPORATION;  )
and EASTERN FISHERIES, INC.,          )
                                        )
        Defendants.          )
_____  )

**COMPLAINT AND DEMAND FOR TRIAL BY JURY**

     Now comes the Plaintiff, Paulo Germano, in the above-entitled matter and states:

**THE PARTIES**

1. Plaintiff, Paulo Germano ("Plaintiff" or "Mr. Germano"), is an individual residing at 48 South Sixth Street, 2nd Floor, West, New Bedford, County of Bristol, Commonwealth of Massachusetts.

2. Defendant O'Hara Corporation ("O'Hara") is a corporation organized under the laws of Maine and registered to do business with the Secretary of State for the Commonwealth of Massachusetts, with a principal place of business located at 120 Tillson Avenue, Rockland, Maine and with a registered agent located at 449A Faunce Corner Road, Dartmouth, Massachusetts.

3. Defendant Eastern Fisheries, Inc. ("Eastern") is a corporation organized under the laws of the Commonwealth of Massachusetts with a principal place of

business located at 14 Hervey Tichon Ave, New Bedford, County of Bristol, Commonwealth of Massachusetts.

4. Defendant F/V WEATHERLY ("F/V WEATHERLY") is a commercial fishing vessel registered in Massachusetts.

## JURISDICTION

5. This Court has subject matter jurisdiction over this matter pursuant to The Merchant Marine Act of 1920, commonly called the Jones Act, 46 U.S.C. § 30104 (formerly 46 U.S.C. § 688).

6. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1333.

7. Defendant O'Hara is registered to do business in the Commonwealth of Massachusetts and as such, is subject to the jurisdiction of this Court.

8. Defendant Eastern is a Massachusetts corporation with an office in New Bedford, Massachusetts and as such, is subject to the jurisdiction of this Court.

## VENUE

9. Venue is proper pursuant to 28 U.S.C. § 1391 whereas:

   a. O'Hara is registered to do business in the Commonwealth of Massachusetts, and has a Registered Agent, Mary E. Kelleher, whose office is located at 449A Faunce Corner Road, North Dartmouth, MA 02747;

   b. Eastern was organized under the laws of the Commonwealth of Massachusetts and has a principal place of business located in New Bedford, Massachusetts.

    c.    Defendant F/V WEATHERLY is a commercial fishing vessel registered in Massachusetts.

## STATEMENT OF FACTS

10. Plaintiff incorporates by reference all of the allegations contained in the foregoing paragraphs as if they were fully restated herein.

11. At all times relevant hereto, O'Hara owned, operated and/or controlled the F/V WEATHERLY.

12. At all times relevant hereto, O'Hara conducted business in the Commonwealth of Massachusetts.

13. At all times hereafter referred to, Eastern manned, navigated, operated and/or controlled the F/V WEATHERLY.

14. At all times relevant hereto, Eastern conducted business in the Commonwealth of Massachusetts.

15. At all times relevant hereto, Eastern was the owner *pro hac vice* of the F/V WEATHERLY.

16. At all times relevant hereto, including, March 25 and 26, 2016, Mr. Germano was a seaman and member of the crew of the F/V WEATHERLY.

17. At all times relevant hereto, including March 25 and 26, 2016, Mr. Germano was employed by O'Hara as a member of the crew of the F/V WEATHERLY.

18. At all times relevant hereto, including March 25 and 26, 2016, Mr. Germano was employed by Eastern as a member of the crew of the F/V WEATHERLY.

19. At all times relevant hereto, including, on or about March 25 and 26, 2016, Mr. Germano, while serving as a member of the crew of F/V WEATHERLY, acted in

furtherance of the business of the F/V WEATHERLY, O'Hara and Enterprise and in the interests of maritime commerce.

20. While the F/V WEATHERLY was in navigable waters on March 25 and 26, 2016, Mr. Germano was exercising due care in the performance of any and all of his duties.

21. While the F/V WEATHERLY was in navigable waters on March 26, 2016, Mr. Germano was ordered to flare the port side dredge.

22. While the F/V WEATHERLY was in navigable waters Mr. Germano sustained severe and painful personal injuries, while performing duties as a member of the crew of the F/V WEATHERLY on March 26, 2016.

23. While Mr. Germano was conducting the duties he was ordered to perform on March 26, 2016, he sustained severe and painful personal injuries.

24. To follow the order to flare the dredge, Mr. Germano had to reach over the port side rail (the "Rail") to reach the dredge.

25. Mr. Germano was never told by the F/V WEATHERLY's captain, Tony Vierra ("Captain Vierra"), first mate, George Santos, ("First Mate Santos") or any other member of its crew that reaching over the Rail was unsafe, dangerous, or prohibited.

26. At the time that Mr. Germano was reaching over the Rail to reach the dredge on March 26, 2016, First Mate Santos was operating the controls that move the dredge.

27. While First Mate Santos was operating the controls that move the dredge on March 26, 2016, his vision of the dredge was obstructed by the gallast frame (the "Visual Obstruction").

28. As a result of the Visual Obstruction, First Mate Santos could not see the dredge from the location where he operated its controls on March 26, 2016.

29. As a result of the Visual Obstruction, First Mate Santos could not see Mr. Germano as he reached over the Rail in his attempt to flare the dredge on or about March 26, 2016.

30. The Visual Obstruction created a dangerous condition upon the F/V WEATHERLY.

31. The Visual Obstruction created an unseaworthy condition upon the F/W WEATHERLY.

32. Captain Vierra had knowledge of the Visual Obstruction and the dangerous and/or unseaworthy conditions it created.

33. First Mate Santos had knowledge of the Visual Obstruction and the dangerous and/or and unseaworthy conditions it created.

34. O'Hara had knowledge of the Visual Obstruction and the dangerous and/or unseaworthy conditions it created.

35. Eastern had knowledge of the Visual Obstruction and the dangerous and/or unseaworthy conditions it created.

36. Because of the Visual Obstruction and the dangerous and/or unseaworthy conditions the Visual Obstruction created, a video monitoring camera (the "Camera") had been installed on the F/V WEATHERLY.

37. On or about March 26, 2016, the Camera was not working properly and/or was not operational.

38. Because of both the Visual Obstruction and the malfunctioning and/or non-functioning Camera, First Mate Santos, was unable to see Mr. Germano as he was attempting to fulfill the order to flare the dredge on or about March 26, 2016.

39. Frist Mate Santos should not have lowered the dredge without knowing Mr. Germano's location.

40. Blind to Mr. Germano's location and the dredge's position as Mr. Germano attempted to perform the order to flare the dredge on or about March 26, 2016, First Mate Santos lowered the dredge.

41. First Mate Santos was negligent in lowering the dredge without knowing Mr. Germano's location.

42. On information and belief, First Mate Santos lowered the dredge below the rail block of the gallast frame.

43. First Mate Santos should not have lowered the dredge to a position below the rail block of the gallast frame.

44. First Mate Santos was negligent in lowering the dredge to a position below the rail block of the gallast frame.

45. After First Mate Santos lowered the dredge to a position below the rail block of the gallast frame, the F/V WEATHERLY rolled and the dredge swung toward the F/V WEATHERLY.

46. The dredge then collided with the F/V WEATHERLY and, Mr. Germano was crushed, injured and pinned against the vessel (the "Incident").

47. In order to free himself, Mr. Germano had to pull his hand from where it was pinned against the F/V WEATHERLY and in so doing, twisted and pulled his shoulder joint.

48. Mr. Germano immediately reported his injuries to First Mate Santos.

49. Mr. Germano immediately reported his injuries to Captain Vierra.

50. Mr. Germano informed his fellow crew members of his injuries.

51. While on board the F/V Weatherly, Mr. Germano was never offered any medical treatment or care for his injuries by Captain Vierra.

52. While on board the F/V Weatherly, Mr. Germano was never offered any medical treatment or care for his injuries by First Mate Santos.

53. Captain Vierra never notified the Coast Guard about the Incident that is the subject of this Complaint or of Mr. Germano's injuries.

54. First Mate Santos never notified the Coast Guard about the Incident that is the subject of this Complaint or of Mr. Germano's injuries.

55. O'Hara never notified the Coast Guard about the Incident that is the subject of this Complaint or of Mr. Germano's injuries.

56. Eastern never notified the Coast Guard about the Incident that is the subject of this Complaint or of Mr. Germano's injuries.

57. The F/V WEATHERLY, with Mr. Germano on board, returned back to New Bedford, Massachusetts on or about March 29, 2016.

58. On or about April 1, 2016 and on subsequent dates thereafter, Mr. Germano sought medical treatment for the injuries that he sustained while on board the F/V WEATHERLY.

59. The negligence of Captain Vierra created an unreasonably dangerous condition upon the F/V WEATHERLY.

60. The negligence of First Mate Santos created an unreasonably dangerous condition upon the F/V WEATHERLY.

61. The negligence of O'Hara created an unreasonably dangerous condition upon the F/V WEATHERLY.

62. The negligence of Eastern created an unreasonably dangerous condition upon the F/V WEATHERLY.

63. The conditions and failures upon the F/V WEATHERLY, namely, the Visual Obstruction and the malfunctioning and/or non-functioning Camera created an unreasonably dangerous and unseaworthy condition aboard the F/V WEATHERLY.

64. Because of the conditions and failures and the unseaworthiness of the F/V WEATHERLY on or about March 26, 2016, Mr. Germano sustained severe and permanent injuries to his left hand, wrist, forearm and elbow.

65. To date, Mr. Germano has incurred medical expenses of an estimated $100,000.00 in connection with the injuries that he sustained while on board the F/V WEATHERLY on or about March 26, 2016.

## COUNT I
## PAULO GERMANO V. O'HARA CORPORATION
## JONES ACT NEGLIGENCE

66. Plaintiff, Mr. Germano, incorporates by reference all of the allegations contained in the foregoing paragraphs as if they were fully restated herein.

67. The personal injuries sustained by Mr. Germano as a result of the Incident were not caused by any fault on his part but were caused by the negligence of O'Hara and its agents, servants, crew and/or employees as follows:

   a. Failure to use due care to provide and maintain a seaworthy vessel with safe and proper appliances and equipment;

   b. Failure to provide adequate tools, equipment and safety devices;

   c. Failure to use due care to make reasonable and periodic inspections of F/V WEATHERLY, its equipment and appliances;

   d. Failure to use due care to provide Mr. Germano with a reasonably safe place in which to perform his work;

   e. Failure and negligence of fellow employees;

   f. Failure to properly train the crew, including, but not limited to First Mate Santos;

   g. Failure to and implement and follow proper safety precautions;

   h. Failure and negligence in other respects that will be shown at the trial.

68. As a proximate result of the aforesaid negligence of O'Hara, Mr. Germano suffered severe personal injuries, pain of body and anguish of his mind, lost time from his usual work and pursuits, incurred medical expenses, and sustained and will sustain other damages that will be shown at trial.

69. This cause of action is brought under the Merchant Marine Act of 1920, commonly called the Jones Act.

WHEREFORE, plaintiff Paulo Germano demands judgment against defendant O'Hara Corporation in an amount sufficient to fully and fairly compensate him for his injuries and damages, for costs of this litigation, for interest as allowed by law, and for all other just and proper relief.

### COUNT II
### PAULO GERMANO V. O'HARA CORPORATION
### GENERAL MARITIME LAW – UNSEAWORTHINESS

70. Plaintiff incorporates by reference all of the allegations contained in the foregoing paragraphs as if they were fully restated herein.

71. The personal injuries sustained by Mr. Germano as a result of the Incident were due to no fault of his own, but were caused by the unseaworthiness of the F/V WEATHERLY.

72. At all times relevant hereto, the F/V WEATHERLY was owned, operated, controlled and or managed by O'Hara.

73. As a proximate result of the unseaworthy condition of the F/V WEATHERLY, Mr. Germano suffered severe personal injuries, pain of the body and anguishes of the mind, lost time from his usual work and pursuits, incurred medical expenses, and have sustained and will sustain other damages that will be shown at trial.

74. The cause of action is brought under the General Maritime Law for Unseaworthiness.

WHEREFORE, plaintiff Paulo Germano demands judgment against defendant O'Hara Corporation in an amount sufficient to fully and fairly compensate him for his injuries and damages, for costs of this litigation, for interest as allowed by law, and for all other just and proper relief.

## COUNT III
## PAULO GERMANO V. O'HARA CORPORATION
## GENERAL MARITIME LAW – MAINTENANCE AND CURE

75. Plaintiff incorporates by reference all of the allegations contained in the foregoing paragraphs as if they were fully restated herein.

76. As a result of the injuries sustained by Mr. Germano as a result of the Incident, Mr. Germano has incurred and will continue to incur expenses for his maintenance and cure.

77. O'Hara has an obligation to provide Mr. Germano with maintenance and cure.

WHEREFORE, plaintiff Paulo Germano demands judgment against defendant O'Hara Corporation in an amount sufficient to fully and fairly compensate him for maintenance and cure, together with costs, interest and reasonable attorney fees.

## COUNT IV
## PAULO GERMANO V. F/V WEATHERLY
## JONES ACT NEGLIGENCE

78. Plaintiff incorporates by reference all of the allegations contained in the foregoing paragraphs as if they were fully restated herein.

79. The personal injuries sustained by Mr. Germano as a result of the Incident were not caused by any fault on his part but were caused by the negligence of F/V

WEATHERLY and its agents, servants, owners, operators, crew and/or employees as follows:

a. Failure to use due care to provide and maintain a seaworthy vessel with safe and proper appliances and equipment;

b. Failure to provide adequate tools, equipment and safety devices;

c. Failure to use due care to make reasonable and periodic inspections of F/V WEATHERLY, its equipment and appliances;

d. Failure to use due care to provide Mr. Germano with a reasonably safe place in which to perform his work;

e. Failure and negligence of fellow employees;

f. Failure to properly train the crew, including, but not limited to First Mate Santos;

g. Failure to and implement and follow proper safety precautions;

h. Failure and negligence in other respects that will be shown at the trial.

80. As a proximate result of the aforesaid negligence of the F/V WEATHERLY, Mr. Germano suffered severe personal injuries, pain of body and anguish of his mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages that will be shown at trial.

81. This cause of action is brought under the Merchant Marine Act of 1920, commonly called the Jones Act.

WHEREFORE, plaintiff Paulo Germano demands judgment against defendant F/V WEATHERLY in an amount sufficient to fully and fairly compensate him for his

injuries and damages, for costs of this litigation, for interest as allowed by law, and for all other just and proper relief.

## COUNT V
## PAULO GERMANO V.  F/V WEATHERLY
## GENERAL MARITIME LAW – UNSEAWORTHINESS

82. Plaintiff incorporates by reference all of the allegations contained in the foregoing paragraphs as if they were fully restated herein.

83. The personal injuries sustained by Mr. Germano as a result of the Incident were due to no fault of his, but were caused by the unseaworthiness of the F/V WEATHERLY.

84. As a proximate result of the unseaworthy condition of the F/V WEATHERLY, Mr. Germano suffered severe personal injuries, pain of the body and anguish of his mind, lost time from his usual work and pursuits, incurred medical expenses, and have sustained and will sustain other damages that will be shown at trial.

85. The cause of action is brought under the General Maritime Law for Unseaworthiness.

WHEREFORE, plaintiff Paulo Germano demands judgment against defendant F/V WEATHERLY in an amount sufficient to fully and fairly compensate him for his injuries and damages, for costs of this litigation, for interest as allowed by law, and for all other just and proper relief.

## COUNT VI
### PAULO GERMANO V.  F/V WEATHERLY
### GENERAL MARITIME LAW – MAINTENANCE AND CURE

86. Plaintiff incorporates by reference all of the allegations contained in the foregoing paragraphs as if they were fully restated herein.

87. As a result of the injuries sustained by Mr. Germano as a result of the Incident, Mr. Germano has incurred and will continue to incur expenses for his maintenance and cure.

88. The F/V WEATHERLY has an obligation to provide Mr. Germano with maintenance and cure.

WHEREFORE, plaintiff Paulo Germano demands judgment against the defendant F/V WEATHERLY in an amount sufficient to fully and fairly compensate him for his injuries and damages, for costs of this litigation, for interest as allowed by law, and for all other just and proper relief.

## COUNT VII
### PAULO GERMANO V.  EASTERN FISHERIES, INC.
### JONES ACT NEGLIGENCE

89. Plaintiff incorporates by reference all of the allegations contained in the foregoing paragraphs as if they were fully restated herein.

90. The personal injuries sustained by Mr. Germano as a result of the Incident were not caused by any fault on his part but were caused by the negligence of Eastern and its agents, servants, crew and/or employees as follows:

   a. Failure to use due care to provide and maintain a seaworthy vessel with safe and proper appliances and equipment;

    b.    Failure to provide adequate tools, equipment and safety devices;

    c.    Failure to use due care to make reasonable and periodic inspections of F/V WEATHERLY, its equipment and appliances;

    d.    Failure to use due care to provide Mr. Germano with a reasonably safe place in which to perform his work;

    e.    Failure and negligence of fellow employees;

    f.    Failure to properly train the crew, including, but not limited to First Mate Santos;

    g.    Failure to and implement and follow proper safety precautions;

    h.    Failure and negligence in other respects that will be shown at the trial.

91. As a proximate result of the aforesaid negligence of Eastern, Mr. Germano suffered severe personal injuries, pain of body and anguish of his mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages that will be shown at trial.

92. This cause of action is brought under the Merchant Marine Act of 1920, commonly called the Jones Act.

WHEREFORE, plaintiff Paulo Germano demands judgment against defendant Eastern Fisheries, Inc. in an amount sufficient to fully and fairly compensate him for his injuries and damages, for costs of this litigation, for interest as allowed by law, and for all other just and proper relief.

## COUNT VIII
## PAULO GERMANO V. EASTERN FISHERIES, INC.
## GENERAL MARITIME LAW – UNSEAWORTHINESS

93. Plaintiff incorporates by reference all of the allegations contained in the foregoing paragraphs as if they were fully restated herein.

94. The personal injuries sustained by Mr. Germano as a result of the Incident were due to no fault of his, but were caused by the unseaworthiness of the F/V WEATHERLY.

95. At all times relevant hereto, Eastern, operated, controlled and/or managed the F/V WEATHERLY and/or was its owner *pro hac vice*.

96. As a proximately result of the unseaworthy condition of the F/V WEATHERLY, Mr. Germano suffered severe personal injuries, pain of the body and anguish of his mind, lost time from his usual work and pursuits, incurred medical expenses, and have sustained and will sustain other damages that will be shown at trial.

97. This cause of action is brought under the General Maritime Law for Unseaworthiness.

WHEREFORE, plaintiff Paulo Germano demands judgment against defendant Eastern Fisheries, Inc. in an amount sufficient to fully and fairly compensate him for his injuries and damages, for costs of this litigation, for interest as allowed by law, and for all other just and proper relief.

## COUNT IX
## PAULO GERMANO V. EASTERN FISHERIES, INC.
## GENERAL MARITIME LAW – MAINTENANCE AND CURE

98. Plaintiff incorporates by reference all of the allegations contained in the foregoing paragraphs as if they were fully restated herein.

99. As a result of the personal injuries sustained by Mr. Germano as a result of the Incident, Mr. Germano has incurred and will continue to incur expenses for his maintenance and cure.

100. Eastern has an obligation to provide Mr. Germano with maintenance and cure.

WHEREFORE, plaintiff Paulo Germano demands judgment against defendant Eastern Fisheries, Inc. in an amount sufficient to fully and fairly compensate him for his injuries and damages, for costs of this litigation, for interest as allowed by law, and for all other just and proper relief.

## JURY DEMAND

Plaintiff, Paulo Germano, demands a trial by jury on all issues so triable.

> Respectfully submitted,
> Plaintiff,
> Paulo Germano,
> By his attorneys,
>
> /s/ Michael B. Flynn
> Michael B. Flynn, Esq. BBO No. 559023
> mflynn@flynnwirkus.com
> Flynn Wirkus Young, P.C.
> 400 Crown Colony Drive, Suite 601
> Quincy, MA 02169
> P: (617) 773-5500
> F: (617) 773-5510

Date: January 26, 2018